VERMONT FARM MACHINE Co. and others *v*. MARBLE, Com'r, etc.

(*Circuit Court, D. Vermont.* January 28, 1884.)

PATENT—PREVIOUS DESCRIPTION.
 An inventor is not barred from obtaining a patent because his invention has been described, though not claimed, in a prior patent to the same inventor.

In Equity.
*William E. Simonds* and *Kittredge Haskins,* for orators.

WHEELER, J. The orators, on the thirtieth of March, 1880, filed an application for a patent for improvements in milk-setting apparatus, consisting, as finally amended, of nine claims, the last five of which have been allowed; the first four have been refused, because described, although not claimed, in a prior patent to the same inventors, No. 207,738, dated September 3, 1878. Prior public use to bar the patent is denied on oath by the applicants, and is not shown. The refusal rests solely, apparently, on the prior description, and *Campbell* v. *James,* 104 U. S. 356. What is said in that case, taken at large, would seem to show that a patent could not be granted for an invention described in a former patent to the same inventor. What was so spoken of there had been not only described but patented in the former patent. What was said is to be understood by reference to what it was spoken of. That part of that case relied upon in this rejection is where it is said:

"It is hardly necessary to remark that the patentee could not include in a subsequent patent any invention embraced or described in a prior one granted to himself, any more than he could an invention embraced or described in a prior patent granted to a third person. Indeed, not so well; because he might get a patent for an invention before patented to a third person in this country, if he could show that he was the first and original inventor, and if he should prove an interference declared." Page 382.

The latter part of this extract relates to the same subject as the former part. It expressly refers to patented inventions by others; and serves to show that patented inventions by the same inventor were intended where inventions embraced or discovered in his prior patent were referred to. The statute does not make prior description in a patent a bar, but being patented. Sections 4886, 4887, 4920. The court appears to have merely referred to the plain effect of these statute provisions. In *Battin* v. *Taggert,* 17 How. 74, it appears to have been expressly adjudged upon the same statute provisions as are in

force now, that an inventor might have a patent for an invention described in a prior patent to himself. The same seems to have been decided in *Graham* v. *McCormick*, 11 FED. REP. 859, on full argument and much consideration. According to the terms of the statutes the orators seem to be entitled to the patent for these claims. There does not appear to be any settled construction to control otherwise.

Let there be a decree for the applicant adjudging that he is entitled to receive a patent for the invention covered by these first four claims of his application.